[Civ. No. 17214. Second Dist., Div. One. Jan. 31, 1950.]

ANGELO RIZZO, Respondent, v. DOMENICK COLLOSI et al., Appellants.

Barry Sullivan for Appellants.

Sidney Fischgrund for Respondent.

DORAN, J.—On June 1, 1947, the appellant Collosi, owner, of two houses described as 3843 and 3843½ Whittier Boulevard, in Los Angeles, leased said property to respondent Rizzo for a three-year term, at a rental of $85 per month. Respondent tenant paid $230 as rental for the first month and the last two months of said term. There was a memorandum in the form of a rent receipt evidencing the transaction.

The respondent's complaint seeks a declaration of rights and "a determination that the plaintiff has a good, valid and

existing lease for the term of three years''; treble damages for alleged rent overcharge, and attorney fees. It is alleged that plaintiff paid to defendant the sum of $330 over and above the lawful rental for said housing accommodations. The complaint also alleges that ''as additional consideration for the leasing,'' plaintiff painted the outside and inside of the houses, the reasonable value of labor and materials being $750.

The answer of Domenick Collosi denies all allegations; an answer by Mary Collosi sets up joint ownership with Domenick Collosi, and alleges that No. 3843 Whittier Boulevard was decontrolled by the O.P.A. on March 2, 1948. It is further alleged that on March 15, 1948, defendants served a month's notice to quit on the plaintiffs but that the latter have not vacated said premises. As to No. 3843½ Whittier Boulevard, it is alleged that plaintiff does not occupy same and that same had been sublet by plaintiff to one Llewellyn F. Card. Said answer prays that plaintiff be adjudged to have no interest in the premises.

The trial court found, as stated in appellants' brief, that the property was leased as alleged for three years; the front premises known as 3843 Whittier Boulevard, renting for $55 per month, and the rental for the back premises known as No. 3843½, being $30; that defendant was paid $230 for the first and last two months, and was allowed $25 because 3843½ was not completed and ready for occupancy. It is further found that plaintiff painted No. 3843 at a cost of $200; that 3843½ was voluntarily painted by plaintiff without obligation.

The court also found that the defendant received $15 over and above the lawful rental for No. 3843, and that the reasonable cost of the painting, namely $200, was in the nature of a bonus, making the total rental overcharge $215. The trial court concluded ''That the plaintiff has a valid lease . . . for a term of three years,'' as alleged, denied treble damages and gave judgment for plaintiff ''in the sum of $215.00 as excess rent and bonus charged and collected over and above the legal maximum rent for the premises at 3843 Whittier Boulevard,'' together with $75 for attorney fees.

■ Appellants' brief frames the question involved as follows: ''may the Court declare a lease for a period of three years, and at the same time hold that the lease is in violation of the Emergency Price Control Act?'' In the respondent's brief the question is thus stated: ''Whether or not the owner . . . who, . . . offers to lease the premises for a term of three

years upon the condition that the tenant pays the first and last two months rent . . . and provided the tenant furnish all work and labor for painting . . . and who extracts the first and last two months' rent . . . and permits the tenant to take possession and make said improvements, can deny the existence of a valid lease on the ground that it is in violation of the Emergency Price Control Act . . . where the tenant did not know that the premises were subject to rent control and the landlord did not disclose that fact . . . until after suit was brought by the landlord to evict the tenant?''

In paragraph VI of plaintiff's first cause of action, among other things it is alleged ''That the defendant should be estopped from claiming that the plaintiff does not have a valid lease for the term of three (3) years from June 1, 1947.'' This allegation the trial court found to be true. There is no transcript of the testimony but from the briefs of the respective parties it appears that there is no material conflict in the evidence.

In the language of respondent's brief, it may be said that ''The Court properly enforced a contract against the defendants, who, as landlords, attempted to take advantage of their own illegal act, and in favor of the plaintiff for whose protection the particular statute was enacted.'' Having secured the first and last two months' rent and the benefits of painting improvements furnished by the plaintiff in the reasonable belief that occupancy was assured for the stipulated term of three years, the defendants then sought to eject plaintiffs and to avoid the lease.

Illegality of the lease by reason of violation of section 206(a) of the Rent Control Law [61 Stats. 199, 50 U.S.C.A.App. § 1896], making it unlawful ''to offer, solicit, demand, accept or receive any rent for the use or occupancy of any controlled housing accommodation in excess of the maximum rent,'' is offered as a reason for reversal of the judgment in plaintiff's favor. That the Rent Control Law was not designed to accomplish such result at the hands of a landlord who has exacted excessive rent, seems obvious.

In respect to the fundamental principle involved the present situation is not unlike that of *Beverly Hills Nat. Bank & Tr. Co.* v. *Seres,* 76 Cal.App.2d 255, 261 [172 P.2d 894], where it appeared that a tenant had paid money to a former occupant in order to secure earlier possession and had made substantial improvements in reliance on a representation of plaintiff's grantor that the premises would be leased for a five-year term.

The appellate court there held that such facts "would warrant application of the doctrine of equitable estoppel so as to foreclose . . . [reliance] upon the statute of frauds to support a claim that no valid 5-year lease had been entered into."

Appellants' complaint that the trial court did not make findings in respect to material issues is specious and not supported by the record. The contention that the court did not find that the property in question was used as "residence" property is, as respondent points out, answered by the fact that both pleadings and findings refer to the premises as "housing accommodations," which is the term used in the Rent Control Law. Appellants' briefs present no meritorious cause for reversal.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.